**UNITED STATES of America ex rel. Calvin CLIDY—#43188, Appellant,**

v.

**Warren PINTO, Superintendent, Rahway Prison Farm.**

**No. 17204.**

United States Court of Appeals Third Circuit.

Submitted on Briefs Oct. 21, 1968.

Decided Dec. 23, 1968.

Calvin Clidy, pro se.

Ernes M. Curtis, Asst. Pros., Robert N. McAllister, Jr., Atlantic County Pros., Atlantic City, N. J., for appellee.

Before HASTIE, Chief Judge, SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

On July 22, 1965, the appellant was sentenced to prison by a New Jersey Court after being convicted by a jury of armed robbery. He appeals from a denial of a writ of habeas corpus by the district court after he exhausted his state court remedies.

Appellant first contends that the undisputed record facts show that, in the circumstances, his alleged confession, which was admitted into evidence, was involuntary. Appellant says that he was subjected "to incommunicado detention and intermittent interrogation from approximately 1:00 p. m. on January 12, 1965, through 4:00 p. m. on January 13, 1965, or approximately 27 hours, until a statement was finally elicited." Appellant contends that the above described detention, when considered in conjunction with the further fact that he was a 19 year old, illiterate Negro with no previous criminal involvement, created an inherently coercive atmosphere.

As is so often true, a bare statement of facts fails to give a true picture. Appellant was apprehended in Philadelphia about 1:00 p. m. on January 12, 1965. However, because no Philadelphia Judge was available to conduct an extradition hearing, he could not be returned to New Jersey immediately. He was not turned over to the New Jersey authorities until 1:00 p. m. on January 13, 1965. Insofar as the record shows, no significant interrogation took place during this 24 hour period. Nor is there any suggestion of actual "coercion". Furthermore, during this period, as the trial court found on sufficient evidence, appellant asked a trooper to communi-

cate with his father and explain his whereabouts to him and advise him that appellant would be returned to New Jersey the next day. This the trooper did, thus refuting appellant's contention that it is an undisputed fact that he was held incommunicado. The actual period of interrogation of the appellant after his return to New Jersey covered less than two hours.

Considering the truly undisputed facts we find no merit in appellant's contention that his confession was involuntary.

 Appellant next contends that the record facts do not support the conclusion of the state courts and the federal district court that the alleged confession was voluntary. We interpret this to mean that appellant contends that the evidence did not justify the findings of fact made by the state trial court. When the appellant challenged the voluntariness of his confession in the Appellate Division of the New Jersey Superior Court the matter was remanded to the trial court to conduct a full hearing on the issue as to the voluntariness of the confession. Based on the evidence, the trial judge in New Jersey made the following specific findings:

> "[appellant] did not request an attorney prior to the taking of a statement by the New Jersey State Police nor subsequent to the completion of his statement when he voluntarily signed the same. Further, it is the conclusion of this Court that the police officers had informed him of his right to counsel of his own choosing or if he could not afford an attorney to have one appointed for him prior to his making any statement concerning the robbery in question.

> "Therefore the case of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 977 (1964) does not apply to this defendant, Calvin Clidy."

This finding was affirmed by the appellate division, and further state review was denied. Thereafter the district court made an independent review of the evidence and reached the conclusion that the evidence supported the ruling of the state trial court. Appellant does not object to the procedure followed by the district court but attacks the correctness of the inferences drawn. We are satisfied that the findings, which reflected in part credibility determinations, justified the conclusion of the district judge that in this pre-Miranda situation, no violation of appellant's federal constitutional right was shown.

The judgment of the district court will be affirmed.